OPINION
Defendant-appellant Jack A. Whitney ("husband") appeals the June 29, 2001 Judgment Entry/Decree of Divorce/Shared Parenting Decree entered by the Fairfield County Court of Common Pleas, Domestic Relations Division, which incorporated by reference the trial court's May 23, 2001 Findings of Fact and Conclusions of Law. Plaintiff-appellee is Leatha L. Whitney ("wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on November 23, 1974. Four children were born as issue of said union, to wit: Danielle S. (DOB 2/18/80), who is now emancipated; Justin E. (DOB 2/3/83); Sheena M. (DOB 1/25/85); and Zachary A. (DOB 9/13/89). Wife filed a Complaint for Divorce in the Fairfield County Court of Common Pleas, Domestic Relations Division, on October 8, 1999. Husband filed a timely answer. Subsequently, the trial court issued temporary spousal support orders as well as temporary visitation and child support orders.
The matter proceeded to trial on February 26, March 19, and 26, 2001. In the trial court's December 29, 1999 Judgment Entry, awarding wife temporary support, the trial court found husband's gross income to be $55,120.00. At trial, wife introduced plaintiff's Exhibit I, which was a compilation of husband's W-2 forms for the tax years 2000, 1999, 1998, and 1997. The testimony revealed husband was employed by RCA in Circleville, Ohio, prior to and throughout the marriage as well as during the pendency of the divorce action. In 2000, husband earned approximately $25,000 more than he had earned in the previous three years. Husband testified the increase in his income was the result of wages earned for the overtime he worked in 2000, however, future overtime would only be available on a sporadic basis. Wife, a registered nurse by trade, was unable to work because she suffered from post traumatic stress as the result of a motor vehicle accident in October, 1997. Dr. Connie Jenkins, the psychiatrist who treated wife, testified wife's ability to return to work was unclear and the doctor was of the opinion wife might never be able to return to a position as a registered nurse.
At the close of evidence, the trial court ordered the parties to submit proposed findings of fact and conclusions of law. The trial court subsequently issued its own findings of fact and conclusions of law on May 23, 2001. Neither party filed objections to the trial court' findings and/or conclusions. The trial court, incorporating its findings of fact and conclusions of law, issued its Judgment Entry/Decree of Divorce/Shared Parenting Decree on June 29, 2001.
It is from this judgment entry husband appeals, raising the following as his sole assignment of error:
 THE TRIAL COURT COMMITTED PLAIN ERROR OR ABUSED ITS DISCRETION WHEN IT ADOPTED PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, EXCEPT FOR ATTORNEY FEES, WITHOUT REGARD TO THE EVIDENCE PRESENTED AND THE REQUIREMENTS OF OHIO LAW.
 I
Herein, husband challenges the trial court's findings of fact and conclusions of law. Specifically, husband takes issue with the income figure the trial court utilized in calculating his spousal support and child support obligations; and trial court's valuation of his 401(K) retirement plan.
Initially, we note husband failed to object to the evidence relative to all the calculations at issue herein. Husband, therefore, has waived all but plain error in the admission of such evidence. Accordingly, we consider husband's arguments under a "plain error" analysis.
"In appeals of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself."[1] Upon review of the record, we find no indication of plain error in the instant case.
Assuming, arguendo, the trial court did err, we find any error to be harmless. With respect to husband's argument relative to his support obligations, we note the trial court retained jurisdiction to modify the spousal support award, and the trial court maintains continuing jurisdiction over the child support award. As to husband's position expert testimony was necessary to determine the tax consequences of an early distribution of the retirement plan, we find "[t]ax consequences of property division and sustenance alimony awards are proper considerations for the court, so long as those consequences are not speculative."[2]
Given the trial court's rationale for the figure utilized, we do not find such to be so speculative so as to constitute plain error.
Husband's sole assignment of error is overruled.
The judgment of the Fairfield County Court of Common Pleas, Domestic Relations Divisions, is affirmed.
By: HOFFMAN, P.J., GWIN, J. and BOGGINS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to husband/appellant.
[1] Goldfuss v. Davidson (1997), 79 Ohio St.3d 116, paragraph one of the syllabus. (Citations omitted).
[2] Day v. Day (1988), 40 Ohio App.3d 155, 159.